UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTEBAN FELIX LOPEZ,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant.

No.  2:25-cv-01237 CKD (SS)

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").  The parties have consented to magistrate judge jurisdiction for all purposes.  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and remand for further proceedings, and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1958, applied on December 13, 2017 for DIB, alleging disability beginning February 2, 2017.  Administrative Transcript ("AT") 1019, 1020.  Plaintiff alleged he was unable to work due to blindness or low vision; loss of tendon function right middle distal phalange; amputated right distal phalange index finger; chronic back problems; antibody

1

deficiency; arthritis; multiple hernia surgeries; depression and anxiety.  AT 73.  On March 7, 2019, an Administrative Law Judge (ALJ) issued an unfavorable decision.  AT 23.  Plaintiff appealed and, on January 5, 2022, the United States District Court for the Eastern District of California remanded the case.  AT 1019; see Lopez v. Comm'r, No. 2:20-cv-00360-AC (E.D. Cal.) (order for stipulated remand dated Jan. 5, 2022).  On July 21, 2022, pursuant to the remand order, the Appeals Council vacated the ALJ's 2019 decision and remanded the case back to him for resolution of multiple issues, including the subjective symptom and medical opinion evidence.  AT 1143-1145.

In the challenged decision, dated September 1, 2023, the ALJ again determined that plaintiff  was not disabled.[1]  AT 1019-1031.  The ALJ made the following findings (citations to

---

[1]     Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520,  404.1571-76,  416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the

20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. The claimant has not engaged in substantial gainful activity since February 2, 2017, the application date.
>
> 3. The claimant has the following severe impairments: back strain, history of right third finger fracture with extensor tendon rupture, and left eye decreased vision.
>
> 4. The claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work except the claimant can frequently handle and feel with his right upper extremity; frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and occasionally climb ladders, ropes or scaffolds.
>
> 6. The claimant could perform past relevant work as a cheesemaker helper. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.[2]
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 2, 2017, the alleged onset date, through the date of this decision.

AT 1022-1031.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in discounting plaintiff's subjective symptom testimony as to pain and dysfunction; (2) the ALJ erred in evaluating the medical opinion evidence; (3) the ALJ did not properly evaluate lay witness testimony; and (4) the determined RFC was not supported by substantial evidence because it failed to account for all plaintiff's impairments.

////

---

burden if the sequential evaluation process proceeds to step five. Id.

[2] Alternatively, the ALJ found that, in additional to past relevant work, there were other jobs that existed in significant numbers in the national economy that the claimant could have performed, considering his age, education, work experience, and residual functional capacity (RFC). AT 1030. These jobs included auto detailer, hospital cleaner, and bagger. AT 1030-1031.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Medical Opinions

Plaintiff argues that the ALJ erred by discounting all the medical opinions in the record, such that his RFC finding is not supported by a medical opinion. Plaintiff also argues that the ALJ erred by discounting the opinion of examining physician Dr. Leonard Gordon, who conducted an "orthopaedic hand surgery" evaluation of plaintiff in July 2016. AT 966.

"The ALJ is responsible for translating and incorporating clinical findings into a succinct

4

RFC." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014); see also Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions. See Woods v. Kijakazi, 32 F.4th 785, 791 (9th Cir. 2022).

Plaintiff argues that the RFC is not supported by a medical opinion and that this was error. The ALJ reviewed three mental health opinions and found them persuasive. AT 1023. As to physical RFC, the ALJ reviewed opinions by two State agency medical consultants who found there was insufficient evidence to render an opinion. AT 1028. The ALJ reviewed a medical opinion finding that plaintiff could not use his right hand in December 2015 and 2016 and could not work for two months in 2016. The ALJ found this opinion unpersuasive for RFC purposes because the opined limitations were "temporary in nature." AT 1028. The ALJ also considered the July 2016 opinion of examining physician Dr. Gordon, based on an "examination . . . limited to the right and left upper extremities" and found it unpersuasive. AT 969, 1029.

The ALJ determined that plaintiff had an RFC for medium work, except that he could "frequently handle and feel with his right upper extremity; frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and occasionally climb ladders, ropes or scaffolds." AT 1025 (emphasis added). It does not appear that any medical opinion the ALJ reviewed supports the parts of the physical RFC that do not concern plaintiff's upper extremities. The March 2018 opinion by State agency consultant Dr. E. Trias noted that the agency was unable to contact plaintiff for more information and "[c]urrent evidence is insufficient to determine function." AT

66-67.  Similarly, on reconsideration in June 2018, State agency consultant Dr. Gideon H. Lowe noted "no response received" from plaintiff and did not opine as to any functional limitations.  AT 77.  At the January 2019 hearing, the ALJ asked plaintiff why he failed to attend the "consultative internal medical specialist exam despite multiple notices and telephone calls."  AT 44.  The question was never entirely resolved, and the ALJ moved onto vocational expert (VE) testimony.  AT 55.

Thus, the physical RFC is not supported by any medical opinion.  In Heskett v. Bisignano, a court in this district explained that "it is well-settled that an ALJ may not render their own medical opinion and is not empowered to independently assess clinical findings when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  2025 WL 1993698, *6 (E.D. Cal. July 17, 2025) (internal quotation marks omitted; collecting cases). "Indeed, Ninth Circuit courts have found that barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions."  Id. at *7 (cleaned up; collecting cases).  If there was no medical opinion on plaintiff's physical functionality except for his upper extremities, when he alleged chronic back problems, arthritis, and pain in his feet and legs (see AT 1025), the ALJ had a duty to develop the record rather than independently assess the clinical findings as to physical limitations.  This was harmful error, and plaintiff is entitled to summary judgment on this basis.[3]

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ

---

[3] The court does not reach plaintiff's other claims.

would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period.  On remand, the ALJ should develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a revised RFC.  The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand.  The court also does not instruct the ALJ to credit any particular opinion or testimony.  The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

////

////

////

////

////

////

////

////

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 9) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is denied;

3. Judgment is entered for plaintiff; and

4. This matter is remanded for further administrative proceedings consistent with this order.

Dated:  May 11, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/lope1237.dib.ckd